■ In the Matter of ROSLYN ARNOW et al., Individually, on Behalf of Themselves and Others Similarly Situated, Respondents, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant.— Judgment unanimously reversed, on the law, with $50 costs to respondent-appellant, and the petition dismissed. This is an article 78 proceeding for judgment declaring that petitioners, who are typists, clerks and stenographers employed in the two-year community colleges administered by respondent-appellant, are entitled to receive compensation for past and future services as college office assistants and college secretarial assistants scheduled under section 6214 of the Education Law. The said positions were initially established and scheduled by chapter 525 of the Laws of 1952. The senior (four-year) colleges were then under the jurisdiction of the respondent; the community (two-year) colleges were not then under its jurisdiction. The Staten Island Community College was founded in 1955 and was the first community college to come under the jurisdiction of respondent. The career and salary plan of the City of New York was adopted July 9, 1954. Respondent duly elected to conform to the city plan on March 21, 1955 and the Board of Estimate on April 21, 1955 approved said election of respondent. Petitioners, except Greenbaum and Kaplan, thereafter passed competitive examinations for the positions of either typist, stenographer or clerk. Each was appointed to one of the positions from a city list and either employed in or transferred to a community college. Petitioner Greenbaum was originally appointed in 1949 from a State list to New York City Community College, then under the jurisdiction of the State University, which in 1953 came under New

York City jurisdiction. Thereafter in 1964 the New York City Community College was placed under the jurisdiction of the respondent. Petitioner Kaplan was appointed in 1951 from a State list and in 1953 transferred to the New York City Community College. Section 6214 of the Education Law was amended in 1959 (L. 1959, ch. 600) to "except community colleges sponsored or administered by the board of higher education of the city of New York". In 1964 the section was again amended to include the community colleges. It was not until 1964 that the respondent adopted by-laws applicable to community colleges, the effect of which was to adopt the titles and salary schedules established under the career and salary plan of the City of New York. The educational and experimental qualifications for the positions of college office assistants and college secretarial assistants of the four-year colleges under the respondent's jurisdiction, set out in its by-laws pursuant to subdivision 3 of section 6202-a of the Education Law, differ from and are greater than those for the positions for which the petitioners qualified. In 1964 bills passed by the Legislature (Senate Intro. 649, Pr. 3750; Assembly Intro. 1483, Pr. 5370) designed to give the petitioners and others similarly situated the titles and compensation sought here to be established in their behalf were vetoed by the Governor. We conclude, in the light of the foregoing, that the positions of college office assistants and college secretarial assistants scheduled under section 6214 of the Education Law are not the same as the positions to which the petitioners have been appointed and now hold. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.